UNITED STATES v. MONTANA LUMBER & MFG. CO. et al. (Circuit Court of Appeals, Ninth Circuit. May 1, 1905.) No. 941. In Error to the District Court of the United States for the District of Montana. Carl Rasch, U. S. Atty. Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

PER CURIAM. The plaintiff in error by its writ of error seeks to review the judgment of the District Court of the United States for the District of Montana, rendered in an action brought by the plaintiff in error against the defendants in error to recover the sum of $15,000, the value of 2,000,000 feet of lumber alleged to have been manufactured out of timber and logs which had been cut by the Montana Lumber & Manufacturing Company from unsurveyed government lands in the District of Montana, and converted by the defendants in error to their own use and benefit. The complaint alleged that on July 10, 1901, and long prior thereto, the plaintiff in error was the owner of and entitled to the possession of 2,000,000 feet of lumber, which, it was alleged, had been cut by the defendants in error upon unsurveyed government lands, which, when the same shall have been surveyed, will be in township 26 north, of range 34 west, Montana meridian, in the state of Montana; that on said July 10, 1901, and while the plaintiff in error was the owner of said lumber as aforesaid, the defendants in error wrongfully and unlawfully took possession of the same, and disposed of and converted the same to their own use and benefit, to the damage of the

plaintiff in error in the sum of $15,000, the value of said lumber. To this complaint the Northern Pacific Railway Company filed its separate answer, denying the material allegations of the complaint. The other defendants in error made a joint answer, likewise denying the material allegations of the complaint, but alleging by way of further answer and defense that, although they cut timber from the premises mentioned in the complaint, all of said timber was cut from that portion of said township which will be, when surveyed, section 5, and that said section is within the limits of the grant by act of Congress to the Northern Pacific Railway Company, and that the defendant Montana Lumber & Manufacturing Company was at the time of the cutting of said timber by mesne conveyances from the Northern Pacific Railway Company the owner of and entitled to the lands upon which said timber was growing at the time when it was cut. Upon the issues so joined the cause was tried before the court and a jury, and it was proven that the land from which the timber was cut was within the limits of the congressional grant to the Northern Pacific Railway Company, that it was unoccupied public land and was wholly unsurveyed, and that the nearest lines of government survey were approximately 20 miles distant therefrom. For the purpose of establishing the affirmative matter set up in the answer, the trial court, over the objection of the plaintiff in error, permitted the Montana Lumber & Manufacturing Company to introduce evidence of a private survey of a portion of the township in question, made by one John K. Ashley, a civil engineer and surveyor, in the year 1886 at the instance of the Northern Pacific Railway Company, for the purpose of ascertaining the location of the railroad sections contained in said township, and to prove by other evidence that the timber was cut and taken from what Ashley had designated by means of his survey section 5 of said township. After the defendants in error had rested their case, the plaintiff in error offered to prove, in rebuttal, by George F. Rigby, a surveyor and engineer, that he and another had made a survey of the same lands, and that the Ashley survey was incorrect; that section 5 as located by Ashley had been placed three-fourths of a mile too far east. The court sustained the objection to this evidence, and excluded the same. At the close of the testimony the court instructed the jury to return a verdict for the defendants in error, on the ground that the plaintiff in error had failed to prove its ownership of the land upon which the timber had been cut. The rulings of the trial court in admitting in evidence the testimony of the Ashley survey, and in excluding the evidence offered by the plaintiff in error to rebut the same, and in directing the jury to return a verdict for the defendant in error on the ground above stated, were assigned as error. This court, after the hearing of said cause, ordered that the three questions involved in the assignments of error be certified to the Supreme Court of the United States for its answer thereto; and it now appears that the Supreme Court, in the case of United States v. Montana Lumber & Manufacturing Company et al., 196 U. S. 573, 25 Sup. Ct. 367, 49 L. Ed. ——, by its decision rendered February 20, 1905, has ruled that the trial court erred in admitting in evidence the proof of the survey made by Ashley and proof tending to show that the timber cut by the Montana Lumber & Manufacturing Company had been cut upon what will be, when surveyed, section 5 of township 26 north, of range 34 west, Montana meridian, and that the court erred in instructing the jury to return a verdict for the defendants in error on the ground that the United States had failed to prove its ownership of the land upon which the timber was cut, and that the Supreme Court, in its opinion filed in answer to said question so certified, sustained the right of the United States to recover the value of the timber cut and removed by the defendants in error. The judgment of the District Court is accordingly reversed, and the cause is remanded for a new trial.